# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2022

Lyle W. Cayce
Clerk

No. 21-60329
Summary Calendar

Noemi Rebolloso Martinez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 259 079

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Noemi Rebolloso Martinez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing her appeal from an order of the Immigration Judge (IJ) denying her application for asylum, withholding of removal, and protection under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Convention Against Torture (CAT).  We generally review only the BIA's decision except to the extent that the IJ's ruling influences the BIA.  *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The IJ determined that Martinez was ineligible for asylum because she did not file her application within one year of her arrival in the United States.  *See* 8 C.F.R. § 1208.4(a)(2).  The BIA determined that the IJ's untimeliness finding was dispositive since Martinez waived any challenge on appeal.  Similarly, Martinez abandons any challenge to the BIA's waiver and untimeliness findings by failing to challenge them before this court.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Contrary to Martinez's argument, the BIA's conclusion that Martinez's proposed particular social group (PSG), "Mexican women who don't have the protection of a male figure" was not cognizable because it lacked social distinction aligns with this court's jurisprudence.  *See Jaco v. Garland*, 24 F.4th 395, 407 (5th Cir. 2021); *Orellana-Monson v. Holder*, 685 F.3d 511, 521-22 (5th Cir. 2012).  Even assuming Martinez's proposed PSG was cognizable, Martinez's testimony that she and a male friend were robbed by two masked gang members belies her assertion that she was targeted because she was a female unaccompanied by a male protective figure.  Instead, substantial evidence supports the BIA's conclusion that Martinez was the victim of a random act of violence perpetrated by gang members and her fear of similar victimization recuring in the future is insufficient to establish eligibility for withholding of removal.  *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015); *Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004).  We lack jurisdiction to consider Martinez's unexhausted claims that she will be targeted on account of political opinion and that she established a well-founded fear of persecution on account of a protected ground based on a

pattern or practice of persecution of persons similarly situated to her. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 C.F.R. § 208.13(b)(2)(iii).

Martinez does not challenge the BIA's decision affirming the IJ's determination that she failed to demonstrate eligibility for protection under the CAT. She also fails to challenge the BIA's decision not to reinstate the IJ's grant of voluntary departure. The claims are thus deemed abandoned. *See Soadjede*, 324 F.3d at 833. Accordingly, the petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.